UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANH VAN TRAN,<br>Petitioner,<br>v.<br>CHRISTOPHER LAROSE, Warden, Otay Mesa Detention Center, et al.,<br>Respondents. | Case No.: 26-CV-4773 JLS (DEB)<br>**ORDER DENYING RESPONDENTS' MOTION TO STAY PROCEEDINGS**<br>(ECF No. 10) |

Presently before the Court is Respondents' Motion to Stay Proceedings ("Mot.," ECF No. 10), along with Petitioner's Opposition ("Opp'n," ECF No. 11). For the following reasons, the Court **DENIES** the Motion.

**BACKGROUND**

Petitioner filed an Amended Petition for Writ of Habeas Corpus ("Pet.," ECF No. 6) challenging his detention at Otay Mesa Detention Center. Pet. at 2. Petitioner was arrested in San Diego, California, but was transferred to a detention center in San Luis, Arizona. *Id*. While detained in Arizona, Petitioner filed a Petition for Writ of Habeas Corpus which remains pending before the District of Arizona. *See Tran v. Rocha*, No. 2:26-CV-1131-MTL-CDB (D. Ariz.). This petition has been pending for over six months and fully briefed

for five months. Opp'n at 2. After fourteen months of detention in Arizona, Petitioner was transferred last week to Otay Mesa Detention Center in San Diego, California. Pet. at 2. Because Petitioner "is already seeking habeas relief in another District Court," Respondents request that this litigation be stayed until Petitioner's earlier petition is resolved. Mot. at 1.

## DISCUSSION

A petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 must be brought in the district in which the petitioner is presently confined. *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) ("[A] habeas petition filed pursuant to § 2241 must be heard in the custodial court."); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."). The Ninth Circuit has held that this jurisdictional rule applies to habeas petitions filed pursuant to § 2241 by individuals held in immigration detention. *See Doe v. Garland*, 109 F.4th 1188, 1199 (9th Cir. 2024) ("[W]e affirm the application of the immediate custodian and district of confinement rules to core habeas petitions filed pursuant to 28 U.S.C. § 2241, including those filed by immigrant detainees.").

Here, the Court unmistakably has jurisdiction over the current Petition because Petitioner remains detained at the Otay Mesa Detention Center located within the Southern District of California. Pet. at 2. Although Petitioner filed a previous petition in another District, Petitioner is no longer confined in that District. *Id*. Further, the petition filed in Arizona has been pending for over six months, and the District of Arizona has not expressly retained jurisdiction over the petition since Petitioner's transfer to the Southern District of California. *See Tran v. Rocha*, No. 2:26-CV-1131-MTL-CDB (D. Ariz.).

Accordingly, the Court **DENIES** Respondents' Motion to Stay Proceedings (ECF No. 10). The Court also notes that Respondents have yet to file a return in response to Petitioner's Amended Petition despite the deadline for filing a response passing on

September 1, 2026. *See generally* Docket. The Court will give Respondents one day to cure this error. Thus, if Respondents elect to file a return, they **SHALL FILE** it by 5:00 PM on September 3, 2026.

**IT IS SO ORDERED.**

Dated: September 2, 2026

Hon. Janis L. Sammartino
United States District Judge