UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

TAHN VAN TRAN,

Petitioner,

v.

WARDEN OF THE OTAY MESA DETENTION FACILITY, et al.,

Respondents.

Case No.: 26-CV-4773 JLS (DEB)

**ORDER (1) GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS AND (2) DENYING AS MOOT MOTION FOR TEMPORARY RESTRAINING ORDER**

(ECF Nos. 6, 2)

Presently before the Court is Tanh Van Tran's Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Pet.," ECF No. 6). Also before the Court is Respondents' Return ("Ret.," ECF No. 16) and Petitioner's Traverse ("Traverse," ECF No. 17). For the reasons set forth below, the Court **GRANTS** the Petition.

**BACKGROUND**

Petitioner, a native of Vietnam, alleges that he came to the United States in 1979 and was granted lawful permanent residence. Pet. at 1. Between his arrival in the U.S. and 2010, Petitioner has been convicted of several crimes, ranging from burglary to driving under the influence of alcohol. *Id.*; Ret. at 2. In 2002, Petitioner was placed into removal proceedings whereafter an immigration judge ordered him removed. Pet. at 1. After

several months in detention, the government still could not effectuate his removal and released him under supervision. *Id.* This process repeated several more times in the intervening 24 years, all ending with the government failing to deport Petitioner and releasing him under an order of supervision. *Id.* This time around, Petitioner was arrested at his San Diego home on June 17, 2025. *Id.* at 2. Upon his arrest, Immigration and Customs Enforcement ("ICE") agents "never explained why they were arresting him, nor did they give him an informal interview at which he could contest his detention." *Id.* Petitioner has remained in detention ever since. Respondent's claim that ICE has attempted to obtain travel documents but have not yet received them. Ret. at 2.

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez-Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention—federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

## DISCUSSION

Petitioner brings two claims. First, that his re-detention violates 8 C.F.R. §§ 241.4(1) and 241.13(i). Pet. at 2. Second, that his continued detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001) and 8 U.S.C. § 1231. *Id.* at 5. Because Petitioner's first claim is sufficient to merit his release, the Court addresses only that claim.

When an alien has been found to be unlawfully present in the United States and a final order of removal has been entered, they must be detained for ninety days (90) pending the government's efforts to secure their removal. *See* 8 U.S.C. § 1231(a)(1). This ninety-day period is referred to as the "removal period." 8 C.F.R. § 1231(a)(1)(A). After the removal period, this statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States" and "does not permit indefinite detention." *Zadvydas*, 533 U.S. at 689. A six-month period of post-removal detention constitutes a "presumptively reasonable period of detention." *Id.* at 701. After this six-month period passes, the petitioner has the burden to "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* If the petitioner satisfies their initial burden, it then shifts to the Government to rebut that showing. *Id.* "[F]or detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.* "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. In that case, the alien's release may be conditioned on any of the various forms of conditioned release, including an order of supervised release. *Id.* at 700.

Once ICE releases a non-citizen on supervised release, "ICE's ability to re-detain that noncitizen is constrained by its own regulations." *Nouri v. Herrera*, SA CV 25-1905-JFW(DBT), 2025 U.S. Dist. LEXIS 171809, at *11 (C.D. Cal. Sept. 3, 2025) (internal citation omitted). ICE may re-detain a non-citizen released on an order of supervised release "if, on account of changed circumstances, [ICE] determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(2). ICE may also re-detain if the non-citizen "violates any of the conditions of release." *Id.* If ICE chooses to re-detain, the non-citizen must "be notified of the reasons for revocation" and be afforded "an initial informal interview promptly after his return to . . . custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification." *Id.* The non-citizen may "submit any evidence or

information that [he] believes shows there is no significant likelihood [he may] be removed in the reasonably foreseeable future, or that [he] has not violated the order of supervision." *Id.*

Here, Petitioner was ordered removed in 2002. Pet. at 1. About six months later, Petitioner was released on an order of supervision because the government was unable to remove him. *Id.* at 2. Petitioner has been re-apprehended and released from custody at least three more times since then, presumably because his removal was not reasonably foreseeable. *Id.*; *see Zadvydas*, 533 U.S. at 699–700 ("[I]f removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."). Regarding this most recent detention, Respondents claim that they provided Petitioner with a Notice of Revocation of Release and informal interview on March 3, 2026. Ret. at 8. But in support of this contention, they cite to two nonexistent exhibits. *Id.* The Court is thus unable to determine whether the alleged notice actually provided Petitioner with the reasons for the revocation of his release.

Even if the notice was sufficient, Respondents arguments would fail for another reason: the informal interview came entirely too late. Section 241.13(i)(3) mandates that informal interviews be given "promptly" after re-detention, providing the non-citizen with an opportunity to respond to the reasons for revocation outlined in the notice. 8 C.F.R. § 241.13(i)(3). But here, the unsubstantiated interview came over eight months after Petitioner was re-detained—hardly satisfying this promptness requirement. *See Van Pham v. Noem*, No. 25-CV-2997-JES-KSC, 2025 WL 3280995, at *3 (S.D. Cal. Nov. 25, 2025) (holding that the government failed to satisfy § 241.13(i)(3)'s promptness mandate when the informal interview came sixty-seven days after the petitioner's re-detention).

"Government agencies are required to follow their own regulations." *Hoac v. Becerra*, No. 25-cv-1740-DC-JDP, 2025 WL 1993771, at *4 (E.D. Cal. July 16, 2025) (citing *United States ex rel. Accardi v. Shaughnessy*, 347 US. 260, 268 (1954)). "[W]hen ICE fails to follow its own regulations in revoking release, the detention is unlawful, and the petitioner's release must be ordered." *Truong v. Noem*, No. 25-cv-2597-JES-MMP,

2025 WL 2988357, at *6 (S.D. Cal. Oct. 22, 2025) (collecting cases). The Court finds that, in violation of ICE's regulations, the revocation of his parole without a prompt interview justifies Petitioner's release. *See, e.g.*, *Hoac*, 2025 WL 1993771, at *4 (granting a TRO where ICE failed to follow § 241.13(i)(3) procedures); *Phakeokoth v. Noem*, No. 25-cv-2817 RBM (SBC), 2025 WL 3124341, at *6 (S.D. Cal. Nov. 7, 2025) (same); *Nouri*, 2025 U.S. Dist. LEXIS 171809, at *11 (same); *Tran v. Noem*, No. 25-cv-02391-BTM-BLM, 2025 WL 3005347, at *4 (S.D. Cal. Oct 27, 2025) (granting a habeas petition on the same grounds); *Truong*, 2025 WL 2988357, at *6 (same); *Nguyen v. Noem*, No. 25-cv-2792 LL (VET), 2025 WL 3101979, at *3 (S.D. Cal. Nov. 6, 2025) (same).

Additionally, notwithstanding the government's procedural deficiencies, the Court is not persuaded that Respondents have showed a change in circumstances such that there is now a significant likelihood that Petitioner will be removed in the reasonably foreseeable future. First, Petitioner has been subject to a final order of removal for twenty-four years, and in those twenty-four years, there has been no progress on securing his removal. Second, Respondents have failed to secure travel documents for Petitioner. Ret. at 8. The many times Petitioner was detained, he was released because his removal was not reasonably foreseeable. Respondents present no evidence that this has changed. *See generally* Ret.

Therefore, because Respondents have failed to follow their own regulations in re-detaining Petitioner and have failed to demonstrate that his removal is reasonably foreseeable, the Court **GRANTS** the Petition.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** the Amended Petition for Writ of Habeas Corpus (ECF No. 6), and **ORDERS** Respondents to immediately release Petitioner from custody subject to the conditions of his preexisting Order of Supervision. The Court **ORDERS** that Respondents cannot re-detain Petitioner without following the procedures set out in 8 C.F.R. § 241.13(i) and other implementing regulations. The Parties are **ORDERED** to file a Joint Status Report by September 29, 2026, confirming that Petitioner

has been released. The Court **DENIES AS MOOT** Petitioner's Motion for a Temporary Restraining Order (ECF No. 2). The Clerk of Court **SHALL CLOSE** the case.

**IT IS SO ORDERED.**

Dated: September 22, 2026

Janis L. Sammartino
Hon. Janis L. Sammartino
United States District Judge